```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
```

DOROTEO R. RIVERA,            )
                              ) No. CV-10-0315-CI
      Plaintiff,              )
                              ) ORDER DENYING PLAINTIFF'S
v.                            ) MOTION FOR SUMMARY JUDGMENT
                              ) AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner ) MOTION FOR SUMMARY JUDGMENT
of Social Security,           )
                              )
      Defendant.              )
                              )

BEFORE THE COURT are cross-Motions for Summary Judgment (ECF No. 13, 18.) Attorney Jeffrey Schwab represents Doroteo Rivera (Plaintiff); Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and supplemental security insurance (SSI) on July 2, 2007. (Tr. 128.) He alleged disability due to arthritis in his back, with an onset date of October 4, 2006. (Tr. 127. 132.) His claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on September 29, 2009, before ALJ Louis J. Volz, III. (Tr. 20.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Plaintiff, who was represented by counsel, and vocational expert Daniel R. Mckinney, Sr., (VE) testified. (Tr. 31-71.) An interpreter also was present at the hearing. The ALJ denied benefits on January 22, 2010, and the Appeals Council denied review. (Tr. 20-27, 6-9.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and

detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 50 years old with a sixth grade education. (Tr. 36, 118.) Plaintiff speaks only Spanish, and has past work experience as a laborer and as a pastor. (Tr. 37.) Plaintiff testified he lived with his spouse and eight year old son and could not longer work due to pain and lack of mobility. He stated he could sit for 30 minutes at a time and stand for an hour before he experienced pain. (Tr. 39, 41-42.)

**ADMINISTRATIVE DECISION**

The ALJ found Plaintiff's date of last insured for DIB purposes was December 30, 2011. (Tr. 20.)  At step one, ALJ Volz found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 4, 2006. (*Id.*)  At step two, he found Plaintiff had the severe impairment of "degenerative disc disease at L5-S1 (arthritis of the back)." (Tr. 23.)  He found there was no medical evidence to establish hand or feet weakness as a medically determinable impairment. (*Id.*)  At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 23.)  In his discussion of the evidence, the ALJ noted that prior to surgery, imaging showed focal disc herniation causing "severe lateral recess stenosis." (Tr. 24.)  In his step four discussion, the ALJ found Plaintiff's symptom allegations were not entirely credible to the extent they were inconsistent with the residual functional capacity (RFC) determination. (Tr. 24.)  Based on the entire record, ALJ Volz found Plaintiff had the RFC to perform light work "with functional illiteracy or conversant in English language [sic]." (Tr. 24.)

Based on the RFC determination and VE testimony, the ALJ concluded Plaintiff could perform his past relevant work as a pastor/minister and, therefore, was not under a "disability" as defined by the Social Security Act. (Tr. 26.)

**ISSUES**

The question is whether the ALJ's decision is supported by

substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) failed to call a medical expert at step three to determine if a Listing was met, and (2) failed to include all limitations in the hypothetical question to the VE at step four. (ECF No. 14.)[1]

**DISCUSSION**

**A.    Step Three Listing Equivalence**

Plaintiff first appears to argue that without medical expert testimony, the ALJ's step three findings are not supported by substantial evidence. He contends generally that because his symptoms and medical condition include elements found in the Listings, a medical expert is required. (ECF No. 10 at 11.) This

---

[1]  In his opening brief, Plaintiff appears to suggest other severe impairments should have been included at step two. Specifically, he contends the ALJ "overlooked the epidural scarring at the S1 nerve root," "spinal stenosis at the L3-L4," and "moderate to severe vertebral spondylsosis." (ECF No. 14 at 5, *citing* ECF No. 10-7 at 97, 107, and 40.) However, the citations to the record in Plaintiff's brief do not correspond with medical evidence of these conditions, and there is no evidence that these conditions persisted after surgery. Without specific and cogent briefing, the court may not consider this argument. *Carmickle v. Comm'r*, 533 F.3d 1155, 161 n.2 (9th Cir. 2008). Further, as found by the ALJ, imaging from 2007 shows degenerative disc disease at L5, S1, but "no spondylolisthesis, no abnormal subluxation, no acute process." (Tr. 25, Tr. 265-67.) The ALJ's step two findings are supported by substantial evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

argument is without merit.  The decision to call a medical expert for additional evidence on the nature and severity of impairments is within the discretion of the ALJ.  Testimony from a medical expert is required only "[w]hen . . . in the opinion of the [ALJ] or the Appeals Council the symptoms, signs and laboratory findings reported in the case record suggest that a judgment of equivalence [to a Listing] may be reasonable."  *SSR* 96-6p.  In this case, Listing equivalence is not suggested by the evidence in its entirety.

      The Listings were promulgated by the Commissioner to describe various illnesses and abnormalities, categorized by the various body systems, that are considered severe enough to prevent substantial gainful activity "regardless of age, education or work experience." 20 C.F.R. § 404.1525; *Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990).  The claimant has the burden of proof at step three. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).  To show he meets a Listing, the claimant must establish that he meets each criterium of the listed impairment relevant to his claim. *Sullivan*, 493 U.S. at 531.  If a claimant's impairments do not meet the Listing exactly, a finding of "disabled" may be appropriate if his impairments in combination "equal" a Listing.  To prove that he "equals" a Listing, "a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tackett*, 180 F.3d at 1099 (*quoting* 20 C.F.R. § 404.1526).  "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment."

*Zebley*, 493 U.S. at 531. The "functional impact of impairments in combination," regardless of their severity, cannot justify a finding of equivalence. *Id*. at 532.

Where a claimant does not meet a Listing, to raise a presumption of disability through equivalence, Plaintiff must present medical evidence of other significant objective medical findings "equal in severity and duration" to the claimed listed impairment, along with the presentation of a cogent argument. *See e.g. Marcia v. Sullivan*, 900 F.2d 172 (9th Cir. 1990)(alternative diagnostic test showing significant findings relating to severity of chronic liver disease presented along with specific theory of medical equivalence). A finding of equivalence is based on medical evidence only. 20 C.F.R. § 404.1529(d)(3), 416.929(d)(3). Absent significant diagnostic medical evidence relating to the same impairment and a plausible theory of equivalence, the ALJ is not required to explain why equivalency is not established. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001); *Gonzalez v. Sullivan*, 914 F.2d 1194, 1201 (9th Cir. 1990).

At the hearing, Plaintiff's representative asserted Plaintiff met or equaled Listing 1.04 B or C.[2] (Tr. 34.) On appeal, without

---

[2] Listing 1.04 is as follows:

1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitations of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

identifying which Listing is equaled, Plaintiff makes the conclusory argument that medical evidence of degenerative disk disease of the lumbar spine, vertebral spondylosis, epidural scarring at the S1, nerve root and spinal stenosis in the lumbar spine raise a question of equivalency. (ECF No. 14 at 4.)  He argues that the ALJ was obliged to call a medical expert, based on these isolated medical findings, to help identify symptoms and elements that might equal a Listing. (*Id*. at 5.)  This conclusory argument is not sufficiently cogent to require the testimony of a medical expert at step three. *Lewis*, 236 F.3d at 514.  Further, as discussed below, the objective medical evidence does not establish the severity or duration of a Listing level impairment.

For example, review of the entire record shows that in September 2006, neurosurgeon Peter Ward, M.D., identified conditions related to Plaintiff's spine disorder, including mild degenerative disc disease at L3-L4 and severe degenerative disc disease at L5-S1

---

>   reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
>   or
>
>   B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position more than once every 2 hours;
>
>   or
>
>   C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness and resulting in inability to ambulate effectively as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 104.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

causing severe lateral recess stenosis, some nerve root irritation, and paresthesias, "partly related to L5-S1 disc herniation." (Tr. 214-16.)  Surgical intervention was recommended and performed on October 4, 2006. (Tr. 217-18.)  As found by the ALJ, after recommended surgical intervention, Dr. Ward reviewed imaging in March 2007.  He noted severe degenerative disk disease at L5-S1, with "a slight bulge of the disk annulus . . . no evidence of recurrent herniated nucleus pulposus, . . . and normal epidural scarring." (Tr. 224.)  Follow up with conservative management was recommended.  The severe symptoms recorded in therapy progress notes (including poor mobility in walking and the need for a walker) were observed or reported on October 6, 2006, immediately after surgery. (Tr. 219).  There is no indication symptoms of this severity persisted.  Dr. Ward's physician assistants noted adequate strength and mobility (with poor effort by Plaintiff), unremarkable bilateral straight leg raise, and intact sensation of the calves and feet.  A strengthening program and mobility were recommended.  (Tr. 222.)  Future frequent lifting of more than 30 to 35 pounds was to be avoided.  (*Id.*)

The record also shows that by March 2007, Plaintiff's treating physician, Ryan Tolley, DO, opined Plaintiff was capable of light duty work. (Tr. 243.)  This opinion of Plaintiff's treating medical providers substantially supports the ALJ's step three finding that Plaintiff's impairments neither met nor equaled a Listing.  *SSR* 96-8p, *SSR* 96-2p (great weight given to uncontradicted treating source medical opinions).  Plaintiff has not met his burden to identify significant objective medical findings, along with a cogent

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

argument, to raise a presumption of disability at step three. *Lewis*, 236 F.3d at 514. Therefore, the ALJ was not required to call a medical expert or give detailed findings at step three. *Gonzalez*, 914 F.2d at 1201.

**C.   Step Four - Hypothetical Question**

Plaintiff contends the ALJ erred at step four by presenting an incomplete hypothetical to the VE. (ECF No. 14 at 5-7.) At step four, the ALJ determines if a claimant can perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv),(f), 416.920(a)(4)(iv),(f). Part of the step four evaluation is determining the claimant's RFC, *i.e.*, the most a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. The RFC assessment is not a "medical issue" under the Regulations; it is based on all relevant evidence in the record, not just medical evidence. *Id.; SSR* 96-8p  The RFC determination represents dispositive administrative findings regarding a claimant's ability to perform basic work and may direct the determination of disability. 20 C.F.R. §§ 404.1546, 416.946; *SSR* 96-5p. At step four, the findings also address the claimant's ability to do past relevant work. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(5). Evidence of the physical and mental requirements of a particular job may be found in the Dictionary of Occupational Titles (*DICOT*), other administratively recognized publications, or vocational expert testimony. *SSR* 82-61. Vocational experts are used most often at an ALJ hearing. *SSR* 00-4p.

Because the RFC assessment is critical to a finding of disability and eligibility for benefits, the final responsibility

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

for determining a claimant's RFC rests solely with the Commissioner after consideration of the record in its entirety. *Andrews*, 53 F.3d at 1039; *SSR* 96-8p  When RFC findings and final determination reflect a rational interpretation of the evidence, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

Here, as directed by the Regulations, the ALJ properly took into consideration the objective medical evidence, clinic notes, the treating doctors' opinions, Plaintiff's written reports and credible testimony, and VE testimony. (Tr. 23-26.)  20 C.F.R. §§ 404.1527(e), 416.927(e); *SSR* 96-5p; *SSR* 96-2p.  The VE's testimony was based on a hypothetical individual's RFC, which reflects those limitations found in the ALJ's final RFC determination.  (Tr. 23, 59.)  Those limitations are supported fully by the record and Plaintiff's credible testimony.

Plaintiff's argument that his subjective complaints evidence greater limitations than reflected in the ALJ's hypothetical to the VE disregards the "clear and convincing" credibility findings by the ALJ. (Tr. 24-26.)  The ALJ specifically discounted Plaintiff's allegation that he needed a walker because Plaintiff reported a variety of daily activities that were inconsistent with the claimed severity in Plaintiff's ability to walk. (Tr. 24.)  In addition, post-operative therapy notes indicate Plaintiff needed for a walker two days after surgery in October 2006, due to back pain and instability.  (Tr. 219-220.)  However, on October 31, 2006, the attending neurosurgery provider indicated "I would like [Plaintiff] to wean off of the walker to cane support and eventually without support at this point." (Tr. 220.)  Plaintiff presents no further

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

evidence of a prescribed walker in later clinic notes. It is noted on independent review that, in a November 2007 disability report, Plaintiff did not indicate he used a cane or a walker. (Tr. 182.) Further, October 2007 clinic notes indicate Plaintiff exhibited normal gait, normal straight leg raises, and normal muscle strength. (Tr. 265.) At the hearing, Plaintiff testified he used a walker eight months ago, and was told by his doctor to use the walker "when necessary." (Tr. 24, 42.) He testified he used it when he was afraid he would fall; he did not use a walker to get to the hearing. (Tr. 49.) Significantly, as noted above, Plaintiff's treating physician opined he could perform light work with no other restrictions. (Tr. 243.) Substantial evidence supports the ALJ's omission of the need for a walker in the hypothetical.

Regarding complaints of pain, the ALJ properly discounted Plaintiff's hearing allegations by referencing inconsistencies with written reports of activities. (Tr. 25-26.) As found by the ALJ, pain could be expected from Plaintiff's musculoskeletal impairments. (Tr. 24.) After referencing objective medical evidence, medical source opinions, inconsistencies between Plaintiff's self-reported daily activities and limitations, and between Plaintiff's complaints and medical evidence, the ALJ reasonably discounted Plaintiff's subjective complaints. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Crediting Plaintiff's pain complaints to a certain degree, the ALJ concluded Plaintiff could no longer do past heavy or medium work, but retained the functional capacity to perform past light level work. (Tr. 23, 26.)

This finding is a rational interpretation of the evidence, including Plaintiff's report that his work as a pastor, as performed

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

for eight years, did not require lifting more than 10 pounds and involved visiting people in the community, walking two hours a day, standing three hours a day, and sitting four hours a day. (Tr. 133.) Based on this information (which was in the record reviewed by the VE) and the ALJ's hypothetical individual based on Plaintiff's RFC, the VE opined Plaintiff could perform his past work as a pastor. (Tr. 59.) This testimony is properly considered at step four. 20 C.F.R. § 404.1560(b)(2), 416.960(b)(2)(vocation expert opinion, based on hypothetical question, helpful in determining claimant's ability to perform past work). Because the hypothetical contained all limitations supported by substantial evidence and Plaintiff's credible testimony, the ALJ's reliance on this testimony was not error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(ECF No. 18)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED February 21, 2012.

                    S/ CYNTHIA IMBROGNO
             UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14